IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ERIKA CORDOVA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 21-1031-JWB-GEB |
| | ) |
| **TEXTRON AVIATION, INC.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

Plaintiff Erika Cordova filed an Employment Discrimination Complaint against her employer, Textron Aviation, Inc., asking that she be reinstated to the crew lead position and be free from retaliation or harassment from her supervisors. (Complaint, ECF No. 1 at 2-3.) Plaintiff claims she was discriminated against based upon her sex, her Hispanic ancestry, and her Mexican national origin, and initially filed her complaint with both the Kansas Human Rights Commission and the U.S. Equal Employment Opportunity Commission. (*Id*. at 4-8.)

This matter is now before this Court on Plaintiff's Motion to Proceed without Prepayment of Fes (ECF No. 3) and her Motion to Appoint Counsel (ECF No. 4). For the reasons set forth below, Plaintiff's Motion to proceed *in forma pauperis* (**ECF No. 3**) is **DENIED AS MOOT**, and Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED** without prejudice.

I. **Motion to Proceed Without Payment of Fees (ECF No. 3)**

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

After its review of Plaintiff's Motion for Leave to Proceed Without Payment of Fees and attached affidavit of financial resources (ECF No. 3, 3-1, *sealed*), the Court previously ordered Plaintiff to supplement her filings. (*See* Order, ECF No. 5.) Plaintiff failed to complete the section of the financial affidavit outlining her net income, and this Court was unable to determine whether Plaintiff was able to pay the filing fee. (*Id.*)

Rather than supplement her financial affidavit to disclose her income, Plaintiff instead paid the full filing fee on April 30, 2021 (*see* ECF entry, dated April 30, 2021.) Therefore, in light of this payment, the Court **DENIES** Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3)** as **MOOT.**

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

Ms. Cordova is explicitly cautioned that, because she does not proceed without payment of the fee under 28 U.S.C. § 1915, Ms. Cordova is **personally responsible for service of this lawsuit upon the named defendant**, Textron Aviation, Inc.

Given the time which has elapsed between Plaintiff's filing of her lawsuit, the order to supplement, and her payment of the filing fee, the Court on its own motion extends the service period under Fed. R. Civ. P. 4(m) for an additional 60 days from the date of this Order. **IT IS THEREFORE ORDERED** that the service period under Fed. R. Civ. P. 4(m) is extended to **July 5, 2021**.

**Ms. Cordova must serve Textron Aviation with the stamped summons form along with a complete copy of the Complaint, no later than July 5, 2021**. Ms. Cordova is encouraged to review the "Pro Se Guide" for instructions on service and other helpful information, available in the clerk's office or online at:

*http://ksd.uscourts.gov/index.php/self-represented-litigants/*.

## II.     Motion for Appointment of Counsel (ECF No. 4)

Parties who are permitted to proceed *in forma pauperis* are subject to 28 U.S.C. § 1915(e)(1), which provides discretionary authority for the court to "request an attorney to represent any person unable to afford counsel."[4] However, based upon the payment of her filing fee, Plaintiff does not proceed *in forma pauperis*, as described above. But because Plaintiff's claims are based, at least in part, on employment discrimination, the Title VII

---

[4] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).

3

statutes may also provide discretionary authority to appoint counsel "in such circumstances as the court may deem just."[5]

But there is no constitutional right to counsel in a civil action.[6] In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[7] In *Castner v. Colorado Springs Cablevision*,[8] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) the plaintiff's ability to afford counsel, (2) the plaintiff's diligence in searching for counsel, (3) the merits of the plaintiff's case, and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. Additionally, as in all federal cases, the law requires the plaintiff to state a viable claim for relief and the court must have subject matter jurisdiction over that claim.

Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[9] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[10]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff at this time. She fulfills the second prong of the analysis—diligence in searching for counsel—by producing the names of more than five attorneys whom she contacted

---

[5] *Jackson*, 2014 WL 494789, at *2 (citing 42 U.S.C. § 2000e–5(f)(1)).
[6] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[7] *Jackson*, 2014 WL 494789, at *1.
[8] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417 (10th Cir. 1992).
[9] *Castner,* 979 F.2d at 1421.
[10] *Jackson,* 2014 WL 494789, at *3.

4

about the case, along with a detailed description of her efforts to obtain representation. (ECF No. 4 at 2-3.)

But despite Plaintiff's satisfaction of the diligence factor, Plaintiff has not satisfied the other three prongs of the *Castner* analysis. As to the first factor—her inability to afford counsel—she does not meet this standard. Her financial affidavit was incomplete, as described herein; she and her husband are both employed fulltime, and the Court is unable to determine an inability to afford cousel. (ECF No. 3-1, *sealed*).

Additionally, the Court is unable to fully evaluate the merits of Plaintiff's claims given the information presented in her Complaint. And, Plaintiff's case does not appear unusually complex. She has demonstrated no reason why she is unable to adequately present the case on her own. Plaintiff has shown no special circumstances, such as mental or physical impairment, which would indicate she is unable to present her claims.[11] Her written pleadings and motions appear well-formulated, organized, and coherent.

The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[12] as the case progresses. Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of Plaintiff's claims and her ability to present this case to the Court.[13] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give

---

[11] *Smith v. Phamm*, No. 03-3451-SAC, 2008 WL 631263, at *3 (D. Kan. Mar. 5, 2008).
[12] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).
[13] *Id*. (citing *Ficken,* 146 F.3d at 981).

itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[14]

Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff at this time. Therefore, the motion for appointment of counsel shall be **DENIED** without prejudice to Plaintiff filing a similar motion at a later time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 3rd day of May, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[14] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).