IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIKA CORDOVA,

        Plaintiff,

v.                                     Case No.  21-1031-JWB

TEXTRON AVIATION, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss and memorandum in support.  (Docs. 24, 25.)  Plaintiff has failed to respond to the motion and the time for doing so has long passed.  For the reasons provided herein, Defendant's motion is TAKEN UNDER ADVISEMENT.

**I.**     **Facts and Procedural History**

Plaintiff is employed by Defendant and has brought claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e.  (Doc. 22.)  In its motion, Defendant argues that Plaintiff failed to exhaust her claims with the administrative agency, that her claims are untimely, and, alternatively, that her amended complaint fails to state a claim.  Plaintiff has failed to respond to Defendant's motion.

Prior to the filing of the amended complaint, this court entered a show cause order due to several deficiencies in Plaintiff's original complaint.  The court noted that Plaintiff failed to complete sections of the form complaint, including a complete failure to identify any facts regarding her claims.  Plaintiff had attached several documents to her complaint, but did not

1

explain how those documents applied to Plaintiff's claims.  The lack of factual allegations made it difficult for the court to evaluate the sufficiency of the claims in light of Defendant's initial motion to dismiss.  (Doc. 21 at 2.)  The court ordered Plaintiff to show cause why her complaint should not be dismissed.  The court alternatively allowed Plaintiff to file an amended complaint and instructed her to complete the entire form and to use additional sheets, if necessary, to describe her claims.

Plaintiff timely filed an amended complaint.  (Doc. 22.)  Plaintiff completed the form civil complaint and indicated that she is bringing claims under Title VII and the ADEA.  Plaintiff's statement of claim alleges that another employee, Mitch Lewis, referred to Plaintiff as "wetback" and stated that she "would never amount to anything...on multiple occasions between March and December 2016."  (Doc. 22 at 3.)  She allegedly told a supervisor regarding this conduct but nothing was done.  On an additional page, Plaintiff alleges that on January 31, 2017, she was warned that "several people were after" her.  (*Id.* at 7.)  On February 15, 2017, Michelle Coldiron told her that she "better not be turning people in."  (*Id.*)  Plaintiff claims she has been excluded from fair opportunities for advancement because of her race and gender and seeks compensatory damages.

Plaintiff attached her Kansas Human Rights Commission ("KHRC") charge to her amended complaint, but it does not provide much factual detail.  (Doc. 22 at 9-10.)  The charge was filed on February 5, 2021, and claims discrimination based on sex, national origin, and ancestry.  It also asserts a claim of retaliation "for having previously filed a discrimination complaint against the Respondent."  (*Id.* at 10.)  Notably, it does not include an allegation of age discrimination.  The charge states that Plaintiff has been subjected to disparate treatment and treated less favorably from November 2020 to at least January 21, 2021.  The charge indicates that

Plaintiff was demoted and subjected to disparate terms of employment based on her sex (female), ancestry (Hispanic), and national origin (Mexico). Plaintiff has not indicated in her amended complaint that she received a right to sue letter based on her 2021 KHRC charge. Plaintiff has also attached 129 pages of documents to her amended complaint. Plaintiff's amended complaint provides no explanation as to the relevance of all of the documents, which include attorney's bills, employee records, lists of employees, grievances, and statements allegedly authored by different individuals.

Defendant moves to dismiss on the basis that Plaintiff has failed to exhaust her administrative remedies. Alternatively, Defendant argues that Plaintiff's amended complaint fails to state a claim.

## II.    Standard

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III.   Analysis

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of (among other things) the person's sex, color, race, or national origin. 42 U.S.C. § 2000e-2(a)(1).   Before an employee may bring suit on such a claim, the employee must exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") or the authorized state agency (in Kansas, the KHRC) identifying the parties and describing the practices complained of.   *Jones v. Needham,* 856 F.3d 1284, 1289 (10th Cir. 2017).   The ADEA similarly requires exhaustion of administrative remedies.   *Isberner v. Walmart, Inc.*, No. 20-2001, 2021 WL 4284540, *13 (D. Kan. Sept. 21, 2021) (citing 42 U.S.C. § 12117(a) (incorporating Title VII's enforcement provisions (found in 42 U.S.C. § 2000e-5) into the ADA)).   The EEOC or KHRC is required to give the aggrieved person notice of the disposition of the charge, and "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge…."   42 U.S.C. §2000e-5(f)(1).   Therefore, Plaintiff must clear the following three procedural hurdles in order to have exhausted her claim: "(1) file a discrimination charge with the EEOC [or KHRC], (2) receive a right-to-sue letter [], and (3) file suit within ninety days of receiving the letter."   *Kinney v. Blue Dot Servs. of Kan*., 505 F. App'x. 812, 814 (10th Cir. 2012).

"A plaintiff normally may not bring a Title VII [or ADEA] action based upon claims that were not part of a timely-filed EEOC [or KHRC] charge for which the plaintiff has received a right-to-sue-letter."   *Lincoln v. BNSF Ry. Co*., 900 F.3d 1166, 1181 (10th Cir. 2018) (quoting *Foster v. Ruhrpumpen, Inc*., 365 F.3d 1191, 1194 (10th Cir. 2004) (internal quotation marks omitted).   The court will liberally construe a plaintiff's allegations in the charge but a plaintiff's claim in court "is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the [agency]."   *Smith*

*v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018).  Furthermore, "each discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."  *Lincoln,* 900 F.3d at 1181.

Although courts previously viewed a failure to exhaust as a jurisdictional bar, "[b]oth Supreme Court and Tenth Circuit precedent [now] hold that failing to exhaust administrative remedies under Title VII is not a jurisdictional prerequisite to suit." *Abouelenein v. Ks. City Comm. College,* No. 18-26720-DDC, 2020 WL 1528500, at *7 (D. Kan. Mar. 31, 2020) (citing *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019) and *Lincoln*, 900 F.3d at 1185).  A failure to exhaust remedies is an affirmative defense that may be raised under Rule 12(b)(6).  *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018).  In deciding a Rule 12(b)(6) motion, the court ordinarily considers only the allegations of the complaint, although the court may also consider documents attached to the complaint or documents referred to in the complaint if they are central to the plaintiff's claims and the parties do not dispute their authenticity.  *Smallen v. The W. Union Co.,* 950 F.3d 1297, 1305 (10th Cir. 2020).

## I.     ADEA Claim

Defendant moves to dismiss Plaintiff's claim under the ADEA for failing to exhaust this claim with the agency.  Plaintiff's amended complaint indicates that Plaintiff is bringing a claim under the ADEA for age discrimination.  Plaintiff, however, fails to set forth any factual allegations which would plausibly support such a claim.  Liberally construing Plaintiff's KHRC charge, it is clear from the text in that charge that Plaintiff's claims did not include age discrimination.  (Doc. 22 at 9-10.)  Therefore, Plaintiff has failed to exhaust her claim of age discrimination and it is subject to dismissal.

## II.    Title VII

Plaintiff also brings claims of race, national origin, and gender discrimination under Title VII.  Plaintiff further alleges that she has been retaliated against for making complaints to the human resources department.  Defendant moves to dismiss these claims on the basis that Plaintiff has failed to exhaust her administrative remedies.  Defendant argues that Plaintiff has not yet received her right to sue letter, that the claims contained in the amended complaint are not within the scope of her KHRC charge, and that the claims are untimely.

As discussed, a plaintiff must receive a right-to-sue letter prior to bringing suit.  Defendant asserts that Plaintiff has not yet received a right-to-sue letter.  Reviewing the allegations in the amended complaint, Plaintiff alleges that she presented these claims to the KHRC on February 5, 2021.  (*Id.* at 5.)  Plaintiff does not identify the result of her charge.  Plaintiff did attach her KHRC charge to her amended complaint, but she has not attached a right-to-sue letter.  Based on the allegations contained in the amended complaint, the court cannot conclude that Plaintiff has exhausted her administrative remedies with respect to the KHRC charge she references in her amended complaint.  Therefore, the claims are subject to dismissal for failure to exhaust.

Additionally, the court finds that the allegations contained in the amended complaint are not within the scope of her February 5, 2021 KHRC charge.  Plaintiff's amended complaint alleges that she was subjected to discrimination by her co-workers when she was called names and then warned not to complain about her co-workers' conduct.  This alleged discriminatory conduct occurred from March 2016 through February 2017.  In her February 5, 2021 KHRC charge, Plaintiff alleges that she has been subject to disparate treatment from November 2020 through January 21, 2021, and that she was demoted in December 2020.  (*Id.* at 9-10.)  Even a liberal reading of her February 5, 2021 KHRC charge would not support a finding that Plaintiff presented

the claims in her amended complaint to the KHRC.  Therefore, her Title VII claim is subject to dismissal for failure to exhaust.[1]

### III.     Amendment

The court is cognizant of Plaintiff's pro se status and recognizes that courts should give pro se plaintiffs a reasonable opportunity to amend unless the amendment would be futile. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).  As determined herein, the claims contained in the amended complaint were not presented in Plaintiff's February 5, 2021 KHRC charge.  Therefore, amendment would be futile if this was the only charge Plaintiff filed.  However, Plaintiff's original complaint attached a 2018 KHRC charge and right-to-sue letter.  (*See* Docs. 1, 21.)  Reviewing that prior KHRC charge, it addresses conduct occurring from June 2017 to August 8, 2018, and also identifies a prior charge filed on June 30, 2017.  (Doc. 1 at 7-9.)  The 2017 charge is not included in the filings but the original complaint also contained the summary of investigative findings which discussed allegedly discriminatory conduct beginning in January 2016.  (*Id.* at 9-22.)  Because Plaintiff's claims in her amended complaint may have been included in a prior charge before the KHRC and, as a result, an amendment may not be futile, the court will provide Plaintiff with one more opportunity to file an amended complaint and correct the deficiencies identified herein.

### IV.     Conclusion

Defendant's motion to dismiss (Doc. 24) is TAKEN UNDER ADVISEMENT.  Plaintiff must file an amended complaint within 30 days to correct the deficiencies identified herein.  Should

---

[1] The court declines to search Plaintiff's extensive exhibits attached to the amended complaint for several reasons. First, Defendant objects to the consideration of the exhibits and Plaintiff has failed to respond to the motion to dismiss. (Doc. 25 at 11.)  Second, the exhibits are not referenced or cited in the amended complaint making it difficult for the court to determine the relevancy of the exhibits.  Third, it is not this court's obligation to act as Plaintiff's attorney and search the record for arguments.  Had Plaintiff responded to the motion to dismiss and referred to the exhibits, the court could have considered the information presented in those exhibits.  Plaintiff, however, did not do so.

Plaintiff fail to file an amended complaint, this action will be dismissed without further notice for the reasons set forth herein.

IT IS SO ORDERED.  Dated this 14th day of March, 2022.

\_\_ s/ John W. Broomes _____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE