IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIKA CORDOVA,

        Plaintiff,

v.                                        Case No. 21-1031-JWB

TEXTRON AVIATION, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss and memorandum in support. (Docs. 29, 30.) Plaintiff has failed to respond to the motion and the time for doing so has long passed. For the reasons provided herein, Defendant's motion is GRANTED.

**I.    Facts and Procedural History**

Plaintiff is employed by Defendant and has brought claims of discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. (Doc. 27.) In its motion, Defendant argues that Plaintiff failed to exhaust her claims with the administrative agency, that her claims are untimely, and, alternatively, that her second amended complaint fails to state a claim. Plaintiff has failed to respond to Defendant's motion.

In this case, Plaintiff initially filed a complaint on January 29, 2021. (Doc. 1.) After being served, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. (Doc. 18.) Plaintiff did not respond. The court entered a show cause order due to several deficiencies in Plaintiff's original complaint. The court noted that Plaintiff failed to complete sections of the form complaint, including a complete failure to identify any facts regarding her claims. Plaintiff had attached several documents to her complaint, but did not explain how those documents applied to

her claims. The lack of factual allegations made it difficult for the court to evaluate the sufficiency of the claims in light of Defendant's initial motion to dismiss. (Doc. 21 at 2.) The court held that Federal Rule of Civil Procedure 8 required Plaintiff to set forth a short and plain statement of her claims and she failed to do so. The court ordered Plaintiff to show cause why her complaint should not be dismissed. The court alternatively allowed Plaintiff to file an amended complaint and instructed her to complete the entire form and to use additional sheets, if necessary, to describe her claims.

Plaintiff timely filed an amended complaint. (Doc. 22.) Plaintiff completed the form civil complaint and indicated that she was bringing claims under Title VII and the ADEA. Defendant again moved to dismiss. (Doc. 24.) Plaintiff again failed to respond. Although Plaintiff did complete the entire form complaint, the alleged facts supplied in the amended complaint were few. The court found that Plaintiff had failed to set forth sufficient factual allegations to plausibly state a claim under the ADEA and failed to show that she exhausted her administrative remedies as to her Title VII claims. The court again allowed Plaintiff time to cure the deficiencies. Plaintiff has now filed a second amended complaint. (Doc. 27.) Plaintiff has again utilized the form discrimination complaint and, based on the boxes checked in that complaint, brings claims of discrimination and retaliation under Title VII on the basis of her race and national origin.

Plaintiff's factual allegations are sparse. Her statement of claim alleges that another employee, Mitch Lewis, referred to Plaintiff as "wetback," told her to go back to Mexico, and stated that she "would never amount to anything" on multiple occasions between March and December 2016. (*Id.* at 4.) She allegedly told a supervisor about this conduct but nothing was done. On February 15, 2017, Michelle Coldiron told her that she "better not be turning people in." (*Id.*) On February 18, 2017, Ed Coldiron, Michelle's husband, came into Plaintiff's workstation,

proceeded to stare at her, and looked at her up and down in an intimidating fashion. On April 18, 2017, Jackie Crumrine, Plaintiff's supervisor, told Plaintiff that false claims were being made about Plaintiff but her supervisor did nothing to address the treatment. (*Id.* at 6.) On September 12, 2017, Plaintiff was called "FUCKING STUPID" by a "white female employee during an employee meeting simply because [Plaintiff] admitted to letting another employee move chemicals in a particular way." (*Id.* at 4.) A supervisor who was in attendance did not do anything even when Plaintiff complained. On an unknown date in August 2018, Plaintiff's position as crew leader "started to get tampered with and ultimately taken from [her] without cause." (*Id.* at 6.) Plaintiff was also moved to another area under Crumrine and moved to another building which diminished her role. Plaintiff was also accused of allowing improper access through a turnstile although Plaintiff claims she is not the only one to do this. (*Id.*) Plaintiff claims she has been constantly subjected to retaliation, humiliation, anguish, and hostility because of her race and national origin. (*Id.* at 5.)

Plaintiff filed charges with the Kansas Human Rights Commission ("KHRC") on June 30, 2017, August 27, 2018, and February 5, 2021. Plaintiff states that she received a Right-to-Sue letter in connection with her charges except for the charge she made on February 5, 2021. (*Id.* at 2.) The form complaint instructs Plaintiff to attach her Right-to-Sue letter to the complaint. Plaintiff attached a Right-to-Sue letter dated October 2, 2018. (*Id.* at 37.)

Defendant moves to dismiss on the basis that Plaintiff has failed to exhaust her administrative remedies and some claims are barred due to Plaintiff's failure to file her claim within 90 days of receiving her Right-to-Sue letter. Alternatively, Defendant argues that Plaintiff's second amended complaint fails to state a claim.

**II.     Standard**

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III.    Analysis**

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of (among other things) the person's sex, color, race, or national origin. 42 U.S.C. § 2000e-2(a)(1). Before an employee may bring suit on such a claim, the employee must exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") or the authorized state agency (in Kansas, the KHRC) identifying the parties and describing the practices complained of. *Jones v. Needham,* 856 F.3d 1284, 1289 (10th Cir. 2017). The EEOC or KHRC is required to give the aggrieved person notice of the disposition of the charge, and "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge…." 42 U.S.C. §2000e-5(f)(1). Therefore, Plaintiff must clear the following three procedural hurdles in order to have exhausted her claim: "(1) file a

discrimination charge with the EEOC [or KHRC], (2) receive a right-to-sue letter [], and (3) file suit within ninety days of receiving the letter." *Kinney v. Blue Dot Servs. of Kan.*, 505 F. App'x. 812, 814 (10th Cir. 2012).

"A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC [or KHRC] charge for which the plaintiff has received a right-to-sue-letter." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018) (quoting *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004) (internal quotation marks omitted). The court will liberally construe a plaintiff's allegations in the charge but a plaintiff's claim in court "is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the [agency]." *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018). Furthermore, "each discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Lincoln,* 900 F.3d at 1181 (citation omitted).

Although courts previously viewed a failure to exhaust as a jurisdictional bar, "[b]oth Supreme Court and Tenth Circuit precedent [now] hold that failing to exhaust administrative remedies under Title VII is not a jurisdictional prerequisite to suit." *Abouelenein v. Ks. City Comm. College,* No. 18-26720-DDC, 2020 WL 1528500, at *7 (D. Kan. Mar. 31, 2020) (citing *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019) and *Lincoln*, 900 F.3d at 1185). A failure to exhaust remedies is an affirmative defense that may be raised under Rule 12(b)(6). *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018). In deciding a Rule 12(b)(6) motion, the court ordinarily considers only the allegations of the complaint, although the court may also consider documents attached to the complaint or documents referred to in the complaint if they are

central to the plaintiff's claims and the parties do not dispute their authenticity. *Smallen v. The W. Union Co.,* 950 F.3d 1297, 1305 (10th Cir. 2020).

### A. KHRC Charge Dated February 5, 2021

Defendant moves to dismiss Plaintiff's claims related to her February 5, 2021, charge on the basis that she has failed to exhaust this claim because she has not yet received her Right-to-Sue letter from KHRC. This charge alleged discriminatory conduct from November 2020 to January 2021 and her demotion in December 2020. (Doc. 27 at 38.) Based on the allegations in the second amended complaint, Plaintiff has not received her Right-to-Sue letter for this charge. (*Id.* at 2.) Therefore, Plaintiff has failed to exhaust her claims contained in the February 5, 2021, charge and they are subject to dismissal.

### B. KHRC Charge Dated June 30, 2017

In her charge dated June 30, 2017, Plaintiff alleged discriminatory conduct that occurred from January 2016 to June 30, 2017. (*Id.* at 35.) After an investigation of the claim, Plaintiff received a Right-to-Sue letter on October 2, 2018. In her 2017 charge, Plaintiff alleged that she was subjected to verbal harassment and treated less favorably than other similarly situated employees. Although Plaintiff did not identify specific incidents in her charge, the date range in the charge would include the following allegations in her second amended complaint: derogatory comments made by Lewis between March and December 2016; negative comments from Michelle and Ed Coldiron in February 2017; and the alleged false claims occurring in April 2017. Defendant moves to dismiss these allegations that serve as a basis of her claims due to Plaintiff's failure to timely file her complaint after receiving her Right-to-Sue letter.

As discussed, a plaintiff must file suit within 90 days of receiving a Right-to-Sue letter. This action was initially filed on January 29, 2021. Plaintiff received her Right-to-Sue letter on

October 2, 2018.  Therefore, Plaintiff was required to bring her claim against Defendant regarding these allegations on or before December 31, 2018.  She did not do so.  Therefore, Plaintiff's claims regarding the conduct alleged in her 2017 charge are untimely and subject to dismissal.  *Tadlock v. Marshall Cnty. HMA, LLC*, 603 F. App'x 693, 700 (10th Cir. 2015) ("If the claimant fails to file suit within 90 days, the claims alleged in the EEOC charge are foreclosed...") (citing *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1186 (10th Cir.2006)).

        C.        **KHRC Charge Dated August 24, 2018**

In her August 24, 2018, charge, Plaintiff stated that she was subjected to discriminatory conduct due to her sex, ancestry, and national origin from June 2017 through August 8, 2018.  (Doc. 27 at 33, 36.)  Plaintiff further stated that she was retaliated against for filing her discrimination charge in 2017.  (*Id.* at 36.)  Plaintiff's allegations in her second amended complaint regarding conduct occurring in September 2017 and August 2018 could have been covered during this 2018 charge.

Defendant moves to dismiss Plaintiff's claims related to these allegations on the basis that Plaintiff has failed to show that she received a Right-to-Sue letter related to this charge.  While Defendant is correct in stating that Plaintiff failed to include her Right-to-Sue letter regarding this charge in her recently filed second amended complaint, Plaintiff previously filed the applicable Right-to-Sue letter in the record. (Doc. 1 at 4.)  In her initial complaint, Plaintiff attached a Right-to-Sue letter dated November 23, 2020, which was related to the August 2018 charge.  (*See* Doc. 1 at 4, 6.)  Therefore, by filing her complaint on January 29, 2021, Plaintiff complied with the obligation that she file suit within 90 days of receiving her right to sue letter.  Accordingly, Defendant's motion to dismiss Plaintiff's claims based on the August 2018 charge due to failure to exhaust is denied.

Defendant alternatively moves to dismiss on the basis that Plaintiff has failed to state a claim. The court will address the merits of Plaintiff's discrimination and retaliation claims pertaining to the remaining allegations that have been exhausted.

Title VII Discrimination. To prove a prima facie case of discrimination under Title VII, Plaintiff must establish that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the action took place in circumstances which would give rise to an inference of discrimination. *Furr v. Ridgewood Surgery & Endoscopy Ctr., LLC*, 192 F. Supp. 3d 1230, 1246 (D. Kan. 2016). There is no dispute that Plaintiff has sufficiently alleged that she is a member of a protected class. However, the remaining elements are in dispute.

Turning to the factual allegations, the first allegation concerns a co-worker calling Plaintiff an idiot. That allegation, however, does not assert that Plaintiff suffered an adverse employment action. Moreover, Plaintiff fails to allege any facts that give rise to an inference of discrimination. This allegation of name calling by a co-worker, which does not even include a slur pertaining to a protected class, does not give rise to an inference of discrimination. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (discussing that Title VII is not a "general civility code.") Plaintiff has also failed to plausibly allege that she suffered an adverse employment action as a result of this conduct.

Turning to the conduct in August 2018, Plaintiff alleges that her position was tampered with and taken without cause, she was sent to another building, placed under the supervision of Crumrine, and accused of improper access. These allegations are insufficient to plausibly state a claim as they do not give rise to an inference of discrimination. The Tenth Circuit has held that a plaintiff may establish an inference of discrimination by asserting facts to demonstrate that Plaintiff was treated less favorably than other similarly-situated employees. *Luster v. Vilsack*, 667

8

F.3d 1089, 1095 (10th Cir. 2011).  With respect to the allegations regarding her job loss, movement to another building, and being placed under the supervision of Crumrine, Plaintiff makes no attempt to allege that she has been treated different than other employees.  In sum, she has made no attempt to allege facts that give rise to an inference of discrimination and her conclusory allegation that she has been subjected to discrimination is insufficient.  With respect to her allegation that she was accused of allowing improper access, Plaintiff does allege that "many others" were doing the same thing without the same "recourse and retribution."  (Doc. 27 at 6.)  Plaintiff, however, has failed to identify who these others were and whether they were similarly situated to Plaintiff.  *See McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006) ("Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline.")  Therefore, there is no basis for this court to infer that her differential treatment was due to a discriminatory purpose.  Moreover, with respect to this alleged discriminatory treatment, Plaintiff has failed to allege that she suffered an adverse employment action.  Rather, Plaintiff merely alleges that she was "accused of allowing improper access" without alleging that this accusation resulted in discipline or some other adverse employment action.  Plaintiff's conclusory and vague reference to "recourse and retribution" is not sufficient.  Plaintiff must allege facts showing that she suffered an adverse employment action, which she has failed to do.  Therefore, Plaintiff's allegations are insufficient to state a claim of discrimination.

   <u>Title VII Retaliation</u>.  To plausibly state a claim of retaliation, Plaintiff must show: 1) that she engaged in protected opposition to discrimination, 2) "that a reasonable employee would have found the challenged action materially adverse," and 3) "that a causal connection exists between the protected activity and the materially adverse action."  *Hansen v. SkyWest Airlines*, 844 F.3d

914, 925 (10th Cir. 2016) (quoting *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 803 (10th Cir. 2007)). With respect to the allegations discussed herein, Plaintiff wholly fails to allege that she engaged in protected opposition to discrimination and that these actions were taken as a result. Rather, Plaintiff has just set forth these isolated events as discussed herein. Therefore, Plaintiff has failed to state a claim of retaliation.

Even if the court were to assume that Plaintiff's claim of retaliation was based on her filing of the 2017 KHRC charge, Plaintiff's allegations would fail to plausibly state a claim. Again, with respect to the allegation in September 2017, Plaintiff has failed to show an adverse employment action. Therefore, she cannot succeed on a retaliation claim. With respect to the alleged actions in August 2018, Plaintiff has not shown that there is a causal connection between the filing of the charge in June 2017 and the events that occurred in August 2018. Although a retaliatory motive may be inferred when adverse action closely follows protected activity, a long period of time will not suffice to show a causal connection. *See e.g., Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014) ("If the protected conduct is closely followed by the adverse action, courts have often inferred a causal connection."); *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (noting that a three-month period is insufficient to establish causation); *Conroy v. Vilsack*, 707 F.3d 1163, 1181 (10th Cir. 2013) (finding that a 45-day period between the protected activity and the allegedly retaliatory action supports an inference of causation, while a three-month gap will not). Here, the delay between the filing of the 2017 charge and the August 2018 conduct is more than one year, which is insufficient to show a causal connection. Because Plaintiff offers no additional facts to support that a causal connection exists between the filing of the 2017 charge[1]

---

[1] In this liberal construction of Plaintiff's claim, the court does not construe Plaintiff's second amended complaint as alleging retaliation due to the filing of her August 2018 charge. This is because such claim would be barred as she did not file a charge as to any conduct occurring after August 9, 2018, and before November 2020. (Docs. 27 at 33-39; 30 at 9.)

and the August 2018 alleged employment actions, Plaintiff's second amended complaint does not plausibly state a claim of retaliation.

      **D.**     **Amendment**

As stated in previous orders, the court is cognizant of Plaintiff's pro se status and recognizes that courts should give pro se plaintiffs a reasonable opportunity to amend unless the amendment would be futile. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The court has previously provided Plaintiff with two opportunities to amend. Although Plaintiff has been on notice of the deficiencies in her complaints due to this court's orders and Defendant's repeated motions to dismiss (which Plaintiff consistently fails to respond to), she has failed to sufficiently plead her claims.

Therefore, the court finds that it would be futile to allow an amendment here as Plaintiff has consistently failed to abide by the court's orders instructing her to set forth facts in support of her claims, a majority of her claims are barred as stated herein, and some claims have not yet been exhausted.

      **IV.**     **Conclusion**

Defendant's motion to dismiss (Doc. 27) is GRANTED.

IT IS SO ORDERED. Dated this 16th day of June 2022.

                                                  \_\_s/ John W. Broomes_____
                                                  JOHN W. BROOMES
                                                  UNITED STATES DISTRICT JUDGE